IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-02234-M-RJ

MUHAMMED Z. TILLISY,                    )
                                        )
              Petitioner,               )
                                        )
       v.                               )              **ORDER**
                                        )
D. LEU,                                 )
                                        )
              Respondent.               )

On November 6, 2025, Muhammed Z. Tillisy ("petitioner"), an inmate at F.C.I. Butner,

filed *pro se* a petition for a writ of habeas corpus under 28 U.S.C. § 2241, Pet. [D.E. 1], and a

motion to appoint counsel, Mot. [D.E. 2]. Petitioner later filed a supplement [D.E. 5], as well as

another motion to appoint counsel, Mot. [D.E. 6], a motion asking the court to take judicial notice,

Mot. [D.E. 7], and a motion seeking leave to proceed *in forma pauperis*, Mot. [D.E. 8].

The court summarily GRANTS the motion for judicial notice [D.E. 7], and now conducts

its initial review under 28 U.S.C. § 2243.

Petitioner generally argues that, from September 14, 2012, to January 21, 2016, he was in

the primary jurisdiction of the federal government but, contra 18 U.S.C. § 3585, the Federal Bureau

of Prisons ("BOP") did not credit the time to his federal term of imprisonment. See [D.E. 1, 5, 7].

Petitioner already litigated his claims. See Tillisy v. Rardin, No. 23-CV-422 (PJS/TNL),

2024 WL 2962806, at *8 (D. Minn. Feb. 21, 2024) (citing 18 U.S.C. §§ 3584(a), 3585(a) and (b),

and "the express pronouncements of the federal sentencing judges," and finding "the BOP did not

err in declining to credit time following [his] September 14, 2012 arrest to his federal sentences"),

report and recommendation adopted, No. 23-CV-0422 (PJS/TNL), 2024 WL 2958438 (D. Minn.

June 12, 2024) (denying the § 2241 petition and noting petitioner's "federal sentences run consecutively to his state sentences, rendering the issue of primary jurisdiction immaterial to the calculation of his current release date"), appeal dismissed sub nom. Tillisy v. Kelly, No. 24-2472, 2024 WL 5319357 (8th Cir. Oct. 21, 2024) (finding failure to prosecute under 8th Cir. Rule 3C); United States v. Tillisy, No. 22-30144, 2024 WL 1926510, at *1–3 (9th Cir. May 2, 2024) (construing his petition for *nunc pro tunc* designation as a § 2241 petition; finding the federal government had primary jurisdiction "from his September 2012 re-arrest by federal authorities until the end of his federal sentencing in 2016," but the state regained primary jurisdiction when he was returned "to state custody to serve state sentences before his consecutive federal sentences"; finding his federal sentences did not commence with his 2012 re-arrest; finding he "conceded at oral argument [that] he received credit toward his state sentence for the time he spent in federal custody before state sentencing, so he is not entitled to any additional pre-sentence credits"; noting, as the district court ordered his federal sentences to run consecutive to his state sentences, "the 'time the court ordered him to begin serving his sentence' was at the conclusion of his state sentence, not the conclusion of [federal] sentencing"; noting, even if "state judges ordered that his state sentences run concurrent to his federal sentences, it still would not override the federal court's order that his federal sentence be consecutive"; and affirming district court's denial of his petition).

Because his claims previously were litigated and decided on the merits, the court dismisses this action under 28 U.S.C. § 2244(a) ("No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."); see Queen v. Miner, 530 F.3d 253, 255 (3d Cir.

2

2008) (finding § 2244(a) applicable to § 2241 petitions and affirming district court dismissal); Simon v. United States, 359 F.3d 139, 143 n.7 (2d Cir. 2004) (noting Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997), "implicitly held that § 2244(a) permits courts to dismiss § 2241 habeas petitions when they raise claims that have already been decided on the merits in a prior § 2241 petition"); Valona v. United States, 138 F.3d 693, 695 (7th Cir. 1998) ("[Section] 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence."); Caldwell v. Shartle, 461 F. App'x 98, 100–01 (3d Cir. 2012) (per curiam) (finding section 2244(a) "applies with full force to claims brought under § 2241" (citation omitted)); Edwards v. Perdue, 613 F. App'x 276 (4th Cir. 2015) (per curiam) (unpublished) (affirming district court dismissal of § 2241 petition under § 2244(a) as successive); McLean v. Warden, FCI Estill, 599 F. App'x 78 (4th Cir. 2015) (per curiam) (unpublished) (same); accord Hill v. Streeval, No. 7:22-CV-00176, 2022 WL 1004877, at *1–4 (W.D. Va. Apr. 4, 2022) (dismissing on initial review a § 2241 petition as successive under § 2244(a) where an earlier § 2241 petition in another federal court raised identical claims and was denied on the merits, and collecting cases).

For the above reasons, the court: GRANTS the motion for judicial notice [D.E. 7]; DISMISSES this § 2241 petition as successive under 28 U.S.C. § 2244(a); DENIES AS MOOT the motions to appoint counsel [D.E. 2, 6], and to proceed *in forma pauperis* [D.E. 8]; DENIES a Certificate of Appealability, see 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); and DIRECTS the clerk to close the case.

SO ORDERED this 6th day of March, 2026.

Richard E Myers II

RICHARD E. MYERS II
Chief United States District Judge

3